**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-2417**

_____

ERIC FLORES,

              Petitioner,

     v.

UNITED STATES DEPARTMENT OF EDUCATION,

              Respondent.

_____

On Petition for Review of an Order of the Department of Education.

_____

Submitted:  January 14, 2016      Decided:  January 19, 2016

_____

Before AGEE, WYNN, and FLOYD, Circuit Judges.

_____

Petition denied in part and dismissed in part by unpublished per curiam opinion.

_____

Eric Flores, Petitioner Pro Se.  Mark L. Gross, Christopher Chen-Hsin Wang, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Flores—a resident of El Paso, Texas—has filed a self-styled petition for review of an agency order, alleging that the United States Department of Education (Department)'s Dallas, Texas Office for Civil Rights and the office of the Department's Deputy Assistant Secretary for Enforcement retaliated and discriminated against him by knowingly refusing to investigate his discrimination complaint, so as to "prevent criminal lawful sanctions against corrupt faculty members of an educational institution for using mind controlling computers to compel a person into an act of dures[s] by a calculated procedure to use a weapon such as a gun to shoot and kill students at educational institution[s] throughout the United States of America." Flores seeks an order from this court finding that the Department discriminated against him by "rejecting" his discrimination complaint and appears to request that the court appoint a federal grand jury. We deny in part and dismiss in part the petition for review.

Although Flores' petition is styled as a petition for review of an agency order, Flores' request for the appointment of a grand jury takes the form of a petition for a writ of mandamus or a writ of prohibition. Writs of mandamus and prohibition are drastic remedies to be used only in extraordinary circumstances. Kerr v. U.S. Dist. Court, 426 U.S.

2

394, 402 (1976) (writ of mandamus); In re Vargas, 723 F.2d 1461, 1468 (10th Cir. 1983) (writ of prohibition). Relief under these writs is available only when the party seeking relief shows that his right to relief "is clear and indisputable," United States v. Moussaoui, 333 F.3d 509, 517 (4th Cir. 2003) (internal quotation marks omitted), and that he has "no other adequate means to attain the relief he desires." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Relief in the form of appointment by this court of a grand jury is not available by way of mandamus or prohibition. We therefore deny this portion of the petition for review.

Flores also seeks review of the Department's alleged rejection of his discrimination complaint. We lack jurisdiction to review this alleged rejection.

"Federal courts are courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute." Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010) (internal quotation marks omitted). The burden of establishing subject matter jurisdiction in this court is on Flores, the party asserting it. Id. Contrary to Flores' assertion, jurisdiction in this court cannot be based on the provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701-06 (2012). We thus lack jurisdiction to review the

3

Department's alleged rejection of Flores' complaint and dismiss this portion of the petition for review.

Accordingly, although we grant leave to proceed in forma pauperis, we deny in part and dismiss in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED IN PART
AND DISMISSED IN PART
